

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN, TEXAS 78711

JOHN L. HILL
ATTORNEY GENERAL

March 22, 1977

The Honorable Tom C. Massey
Chairman
Special House Committee on
   Alternatives to Public School
   Financing
P. O. Box 2910
Austin, Texas 78767

Opinion No. H-961

Re: Use of occupation
tax revenues for areas of
school finance other than
the available school fund.

Dear Chairman Massey:

You have requested our opinion on the following question:

> Since occuption taxes are authorized but
> not levied by the Texas Constitution, may
> these funds be used to support areas of
> public school finance other than the
> Available School Fund?

Answering your question requires an interpretation of article
7, section 3 and article 7, section 5 of the Texas Constitution,
which provide:

> Sec. 5. The principal of all bonds and
> other funds, and the principal arising from
> the sale of the lands hereinbefore set apart
> to said school fund, shall be the permanent
> school fund, and all the interest derivable
> therefrom and the taxes herein authorized
> and levied shall be the available school
> fund. . . .

> Sec. 3. One-fourth of the revenue derived
> from the State occupation taxes and poll tax
> of one dollar on every inhabitant of the State
> . . . shall be set apart annually for the
> benefit of the public free schools; and in
> addition thereto, there shall be levied and
> collected an annual ad valorem State tax of
> such an amount not to exceed thirty-five cents

> on the one hundred ($100.00) dollars valuation,
> as with the available school fund arising from
> all other sources, will be sufficient to maintain
> and support the public schools of this State for
> a period of not less than six months in each
> year . . . provided, however, that should the
> limit of taxation herein named be insufficient
> the deficit may be met by appropriation from the
> general funds of the State . . . .   (Emphasis added).

We believe your question turns on whether "the taxes herein authorized and levied" in section 5 includes "one-fourth of the revenue derived from the State occupation taxes" in section 3, article 7 of the Texas Constitution.

Initially, it should be stressed that your question does not suggest that the twenty-five percent of the revenue derived from state occupation taxes might be diverted from the use of public schools.  The only issue is whether the method of distribution to the schools is through the available school fund, rather than through some other method the Legislature might choose.  The available school fund is required to be distributed on the basis of scholastic population without regard to any equalizing factors such as recognition of the local tax base.

An examination of the historical background of sections 5 and 3 of article 7 may be of value in determining whether occupation taxes are included in the "taxes herein authorized and levied."  The quoted portion of section 5 has remained the same since its adoption in 1876.  Section 5 established the permanent school fund and the available school fund; the available fund was composed of two parts which included the interest derivable from the permanent fund and the "taxes herein authorized and levied."  Section 3, however, was originally adopted to read as follows:

> Sec. 3.   There shall be set apart
> annually <u>not more than one-fourth of the
> general revenue of the State</u>, and a poll
> <u>tax of one dollar</u> . . . <u>for the benefit
> of the public free schools</u>.   (Emphasis
> added).

The twofold purpose behind the original section 3 was first, to levy a one dollar poll tax for the benefit of the public schools and second, to limit the amount of general revenues that could be allocated for the support of the public school system.  Arguably, the one dollar poll tax levied in section 3 must be a part of the available school fund; however, the "taxes herein authorized and levied" phrase of section 5 could not have referred to the present "one fourth of the . . . occupation taxes" language in section 3 because that language was not added until 1883.  Thus, as originally drafted, the two sections of article 7 are independent of one another; section 5 established the available school fund, and section 3 limited the amount of State revenue that could be spent on public education in addition to that already provided in the available fund.  Furthermore, the only tax specifically authorized and levied for the available school fund at the time of the adoption of section 5 was the one dollar poll tax.  This interpretation of the Constitution finds some support in Webb County v. Board of School Trustees of Laredo, 65 S.W. 878 (Tex. 1901), wherein the Texas Supreme Court stated that

> the annual income derived from the permanent fund, together with the tax provided for in section 3, shall constitute the available school fund of the state, by which is meant the fund which may be appropriated annually to the maintenance of the schools.

Id. at 880.  (Emphasis added).  "The tax" referred to by the court was the one dollar poll tax.

The present language of section 3 was added by amendment in 1883.  The impact of the changes were threefold:  first, the limitation on State spending for the public school system was removed and the Legislature was authorized to appropriate amounts necessary to fund the public school system; second, one-fourth of the revenue  from State occupation taxes was dedicated to the support of the public free schools; and third, the Legislature was authorized and directed to levy an ad valorem tax to support the public school system and to provide free textbooks.  The amendment only required that if an occupation tax were levied by the Legislature, one-fourth of the proceeds must be set aside for the benefit of the public school system.  Therefore, it does not follow that any occupation tax must be allocated to the available

school fund and subsequently alloted to the schools on the basis of scholastic population.

In our opinion, we answer your question in the affirmative. Although article 7, section 3 requires that one-fourth the revenue from State occupation taxes be set aside for the benefit of the public free schools, there is no constitutional requirement that these taxes be allocated to the available school fund or distributed on a per scholastic basis. The only revenues required to be allocated to the available fund are, at present, the income from the permanent fund, tax revenue constitutionally dedicated to the fund such as a portion of motor fuel taxes under article 8, section 7a, and specific taxes authorized and levied by the Constitution for the benefit of the fund. This conclusion is not altered by the fact that the Legislature _may_ allocate other revenue sources to the fund.

### S U M M A R Y

Occupation taxes may be used to support areas of public school finance other than the Available School Fund as long as such funds are used "for the benefit of the public free schools" as required by article 7, section 3 of the Texas Constitution.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

DAVID M. KENDALL, First Assistant

C. ROBERT HEATH, Chairman
Opinion Committee